<hr/>

## JAMES A. GRAY V. JOHN NOLDE.

FILED MARCH 8, 1906. No. 14,166.

Vendor and Purchaser: RESCISSION: POSSESSION. Gray purchased from Nolde 160 acres of land at the agreed price of $6,000, $1,000 of which was paid in cash, the remainder to be paid at Gray's option with 6 per cent. interest, payable annually. Some three years after the date of purchase Gray tendered to Nolde the remainder of the purchase price with the accrued interest, and demanded a deed, which was refused, and he thereupon commenced an action to recover the purchase money paid and the increased value of the land, and recovered judgment for about $3,000. Nolde superseded this judgment and appealed therefrom to the supreme court. While the action was pending in this court, Nolde commenced an action against Gray to recover possession of the land (Gray still remaining in possession), and for the rents and profits. He recovered judgment for the possession and $825 damages, from which this appeal was taken by Gray. *Held*, That if Nolde had submitted to the judgment obtained against him by Gray and satisfied the same he would be entitled to possession of the land, but that having appealed from the judgment, and refusing to recognize it as settling their rights relating to the land, he could not use it to oust Gray from possession.

ERROR to the district court for Clay county: LESLIE G. HURD, JUDGE. *Reversed.*

*L. B. Stiner* and *Tibbets Bros. & Morey,* for plaintiff in error.

*L. J. Capps, C. H. Sloan, F. W. Sloan* and *J. P. A. Black, contra.*

DUFFIE, C.

In May, 1901, Gray, plaintiff in error, entered into a written contract with Nolde, defendant in error, for the

purchase of a quarter section of land in Clay county, Nebraska. The agreed purchase price was $6,000, $1,000 of which was paid on the making of the contract, the remaining $5,000 to be paid at the option of Gray with 6 per cent. interest until payment was made. Gray thereupon entered into the possession of the purchased premises, and in February, 1903, tendered to Nolde $5,000 and the accrued interest, and demanded a deed from Nolde and wife, which Nolde refused to execute. Thereupon, Gray commenced an action for damages, claiming that the land had advanced in value between the date of his purchase and his demand for a deed to the amount of $2,000. Upon a trial of the case he recovered judgment for $2,969.63, being $1,000 paid on the purchase price, and the enhanced value of the land as found by the jury. Nolde superseded the judgment and appealed to this court. While the case was pending in this court, Nolde commenced this action in ejectment to recover possession of the premises, and the rents and profits received by Gray during his possession. The trial resulted in a judgment for the plaintiff for possession of the land and $825 damages, and costs, from which judgment Gray has appealed to this court.

The defendant in error insists that by suing at law for the consideration paid on the contract and for his damages sustained because of Nolde's refusal to make a deed of the premises, Gray has in law effected a rescission of the contract of purchase and is no longer entitled to possession of the land. Had Nolde satisfied the judgment for damages obtained against him, there would be force in this contention. Gray should not have both the land and damages for a failure to convey. This court so held on the appeal of *Nolde v. Gray,* 73 Neb. 373, 378. But Nolde refused to acquiesce in the judgment against him and to pay the same. He appealed therefrom, insisting that Gray's neglect to surrender possession, and put him *in statu quo* before commencing the suit, was a complete defense to the action, and he procured the judgment of

this court to that effect.  If Gray could not hold the land under his contract and also a judgment for damages on account of a breach thereof, neither can Nolde hold Gray's money paid on the contract and oust him from his possession.  The rule must be reciprocal and operate alike upon both parties.  Neither can claim a rescission and at the same time lay fast to what the contract has given him. In an action by the grantee against his grantor for breach of covenant, the rule appears to be well settled that if the grantee recover and receive from his grantor the full consideration price, with interest, such grantor is thereby remitted to his right and title to the granted premises as he held them before he granted them away, and the grantee is estopped by such judgment and the payment thereof to set up his title deed against his grantor. *Porter v. Hill,* 9 Miss. *34; *Stinson v. Sumner,* 9 Mass. *143; *Blanchard v. Ellis,* 1 Gray (Mass.), 195; *Parker v. Brown,* 15 N. H. 176; *Kinkaid v. Brittain,* 5 Sneed (Tenn.), 119.  The same rule should be applied between vendor and vendee in a contract for the sale of real estate, where the vendor has paid part of the purchase money and becomes vested with the equitable title.  Instead of satisfying the judgment for damages against him and then demanding possession, Nolde refused to acquiesce in the judgment, insisting that it was wrongfully obtained, and at the same time, by bringing this action, asserts that it was rightfully given and seeks to use it as the means of regaining possession of his property.  He cannot, while denying the validity of the judgment and prosecuting an appeal to have it set aside, use it as an instrument of warfare to eject his vendee from possession, and to recover rents and profits.

We recommend a reversal of the judgment, and a dismissal of the action without prejudice to the commencement of another action, if conditions warrant.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the action dismissed without prejudice to the commencement of another action, if conditions warrant.

REVERSED.